UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00061-GNS

JUDITH CUMMINS　　　　　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF

V.

RTH, INC.; JAY SHREE GANESH, INC.; and
BHAGAVATI PATEL　　　　　　　　　　　　　　　　　　　　　　　　　　　DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand (DN 5) and Plaintiff's Motion for Attorneys' Fees (DN 6). For the reasons outlined below, the Motion to Remand is **GRANTED**, and the Motion for Attorneys' Fees is **DENIED**.

### I.　　　SUMMARY OF FACTS AND CLAIMS

This action involves a premises liability claim originally filed in Allen Circuit Court, Kentucky, but removed to this Court on May 2, 2016. (Notice of Removal, DN 1). Despite the lack of service on Defendants Jay Shree Ganesh, Inc. ("JSG") and Bhagavati Patel ("Patel"), those Defendants filed an answer in Allen Circuit Court and filed the Notice of Removal on the same day. In removing the case, Defendants relied upon diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a) and stated that all of the necessary prerequisites for removal were satisfied.[1] (Notice of Removal 1-3). In the pending motions Plaintiff challenges the removal of this action to federal court.

---

[1] Plaintiff Judith Cummins ("Cummins") is a resident of Illinois. (Notice of Removal Ex. at 3, DN 1-1). Patel is a resident of Kentucky. (Notice of Removal Ex. at 3). Defendants RTH, Inc. and JSG are Kentucky corporations. (Notice of Removal Ex. at 3).

## IV.     DISCUSSION

### A.     Plaintiff's Motion to Remand

Plaintiff seeks to remand this matter on the basis that Defendants' removal violated 28 U.S.C. § 1441.  In relevant part, that statute—commonly referred to as the "forum defendant rule"—provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  "All doubts as to the propriety of removal are resolved in favor of remand."  *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (citation omitted). While the Sixth Circuit has not addressed whether the forum defendant rule is jurisdictional or procedural, this Court has treated the rule as jurisdictional.[2]  *See Beeler v. Beeler*, No. 3:15-CV-00452-CRS, 2015 WL 7185518, at *1 (W.D. Ky. Nov. 13, 2015).  Accordingly, this Court must determine whether it has jurisdiction over this matter.

It appears to be undisputed that JSG and Patel are residents of Kentucky, and their status as Defendants in this action would otherwise preclude removal under 28 U.S.C. § 1441(b)(2). While Defendants raise several points,[3] their primary argument is that they were not "properly

---

[2] Though Defendants characterize the forum defendant rule as non-jurisdictional based upon a Fifth Circuit case, this Court has repeatedly held that the rule is jurisdictional. *See, e.g., Beeler*, 2015 WL 7185518, at *1; *Regions Bank v. Am. Justice Sch. of Law, Inc.*, No. 5:08-CV-134-M, 2009 WL 909548, at *6 (W.D. Ky. Mar. 30, 2009); *Nagarajan v. Ostruskza*, No. 5:12-CV-00091-TBR, 2012 WL 5077691, at *1 (W.D. Ky. Oct. 18, 2012); *Futrell v. Estate of Davidson*, No. 1:12-CV-39, 2012 WL 3096521, at *2 (W.D. Ky. July 30, 2012).

[3] The Court rejects Defendants argument that Defendant RTH, Inc. is a nominal party who does not need to consent to removal.  (Defs.' Resp. to Mot. to Remand 9-10).  Under Kentucky law, a landlord can be held liable for conditions on its property.  *See Clary v. Hayes*, 190 S.W.2d 657, 659-60 (Ky. 1945) ("It is the well-settled general rule that the duties and liabilities of a landlord to persons on the leased premises by the consent of the tenant are the same as those owed to the tenant himself. For this purpose they stand in his shoes.").

joined and served," which renders 28 U.S.C. § 1441(b)(2) inapplicable. (Defs.' Resp. to Mot. to Remand 3).

Defendants rely upon *United Steel Supply, LLC v. Buller*, No. 3:13-CV-00362-H, 2013 WL 3790913 (W.D. Ky. July 19, 2013), where a Kentucky defendant removed a lawsuit filed in state court prior to the defendant being "properly joined and served." *Id.* at *1 (quoting 28 U.S.C. § 1441(b)(2)). After concluding that the plaintiff had not properly served the defendant in accordance with the Kentucky Rules of Civil Procedure, this Court held that the removal did not violate the forum defendant rule. *See id.* at *4. The Court noted, however that it was making "no judgment as to whether this same holding would apply to cases where the plaintiff actually presents evidence that the defendant engaged in a sort of gamesmanship to obtain federal jurisdiction prior to the time when plaintiff can properly serve him." *Id.* at *4 n.1.

Defendants also point to this Court's decision in *Schilmiller v. Medtronic, Inc.*, 44 F. Supp. 3d 721 (W.D. Ky. 2014). In that case, the removal was filed under circumstances in which the defendants were employing gamesmanship by monitoring the state court docket and removing cases based upon federal jurisdiction a day after the lawsuit was filed and prior to service to avoid the prohibition against removal in 28 U.S.C. § 1441(b). *See id.* at 726-27. *See also Ethington v. Gen. Elec. Co.*, 575 F. Supp. 2d 855, 862 (N.D. Ohio 2008) ("[A] literal application of § 1441(b)would allow defendants to *always* avoid the imposition of the forum defendant rule as long as they are monitoring state dockets and avoiding service. The approach advocated by the [] Defendants would, in addition to eviscerating the forum defendant rule, likewise eviscerate a plaintiff's well-established right to choice of forum, by essentially precluding a plaintiff from ever being able to litigate a case in the defendant's own home state courts if the defendants are sophisticated litigants." (internal citations omitted)).

Defendants distinguish *Schilmiller* from the present case because of the length of time—approximately six months (versus one day in *Schilmiller*)—that this case was originally pending in Allen Circuit Court. Defendants' strategy of actively defending this action without proper service, however, appears to be based entirely on their desire to be in federal court and to circumvent the forum defendant rule. Like in *Schilmiller*, Defendants' attorneys in the case *sub judice* were certainly aware of the pending state court lawsuit, as reflected in the e-mail correspondence exchanged between counsel. (Defs.' Resp. to Mot. to Remand Ex. – E-mail Correspondence, DN 7-2). It also appears that gamesmanship has been involved as reflected in the fact that Plaintiff has twice attempted service on JSG at the addressed listed with the Kentucky Secretary of State for its registered agent. (Def.'s Resp. to Mot. to Remand Ex.- CourtNet Printout as of 6/17/16, DN 7-1 [hereinafter CourtNet Printout]). The summonses were unclaimed at first, and then the office of JSG's registered agent was vacated at the time of Plaintiff's second attempted service. (CourtNet Printout). JSG was obviously aware of the suit because its attorney was in active communication with Plaintiff's counsel and the office of its registered agent was vacant, which suggests at least one defendant was attempting to avoid service. Given that all doubts are to be resolved in favor of remand, the apparent gamesmanship here brings this case within the holding of *Schilmiller* and remand will be ordered.

Accordingly, the Court finds that Defendants have failed to meet their burden to prove that removal based upon diversity of citizenship was not done in violation of the intent and purpose of the forum defendant rule. On this basis, the Court will remand this case to Allen Circuit Court.[4]

---

[4] While Plaintiff also argues that consent to remove was not obtained from all Defendants, it is unnecessary for the Court to address that issue. (Pl.'s Mem. in Supp. of Mot. to Remand 3-4).

### B. Plaintiff's Motion for Attorneys' Fees

Plaintiff has also moved for an award of attorneys' fees due to improper removal pursuant to 28 U.S.C. § 1447(c). (Pl.'s Mot. for Attorneys' Fees, DN 6). As the Supreme Court has recognized, however, an award of attorneys' fees under that subsection is discretionary, and there is no presumption that such award should be made. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136-37 (2005). In awarding attorneys' fees under such circumstances, the Supreme Court has instructed trial courts to consider "the reasonableness of the removal" and to only award attorneys' fees "where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141.

While Plaintiff voiced its objections prior to removal from Allen Circuit Court, a determination of the applicability of the forum defendant rule must necessarily be made based upon the specific facts and circumstances of each case. As a result, this Court cannot say that Defendants' removal was objectively unreasonable, and this Court declines to impose an award of attorneys' fees in this case. Accordingly, this motion will be denied.

### V. CONCLUSION

For the reasons outlined above, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (DN 5) is **GRANTED**, and the Court **REMANDS** this case to Allen Circuit Court, Kentucky. Plaintiff's Motion for Attorneys' Fees (DN 6) is **DENIED**. The Clerk shall **STRIKE** this case from the active docket.

Greg N. Stivers, Judge
**United States District Court**
August 29, 2016

cc: counsel of record
Allen Circuit Court Clerk (Civil Action No. 15-CI-00340).